1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

9
HARRY FLEMING, JR., individually and
on behalf of others similarly situated,
10

No. _____

11
Plaintiff,

vs.

**CLASS ACTION COMPLAINT**

12
STATE FARM FIRE AND CASUALTY
COMPANY,
13

**JURY DEMAND**

14
Defendant.

15

16    COMES NOW the Plaintiff, Harry Fleming, Jr. ("Plaintiff" or "Fleming"), individually

17 and on behalf of all others similarly situated, and states and alleges the following for his

18 Complaint against Defendant State Farm Fire and Casualty Company ("Defendant" or "State

19 Farm"):

20

**INTRODUCTION AND OVERVIEW OF CLAIMS**

21

22    1.    This lawsuit concerns only actual cash value ("ACV") coverage for buildings and

23 structures. This lawsuit does not concern replacement cost value ("RCV") coverage.  All the

24 claims set forth in this pleading only concern property insurance coverage for structural damage

25

CLASS ACTION COMPLAINT - 1

Robert D. Bohm
**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

(*e.g.*, homes, buildings and other structures) and *not* personal property (*e.g.*, clothes and furniture).

2.      Pursuant to Defendant's property insurance policy forms at issue, ACV payments are to be made prospectively, that is, prior to the policyholder undertaking repairs to damaged buildings and structures.  On the other hand, RCV payments are made retrospectively, after repairs have been completed.

3.      Defendant calculates ACV under the "replacement cost less depreciation" ("RCLD") methodology. When calculating ACV for buildings and structures under the RCLD methodology, Defendant estimates the full amount of future labor and new materials required to repair or replace the property, then subtracts depreciation for physical deterioration to the existing property as of the date of loss.

4.      Courts in several jurisdictions (and in cases against State Farm) hold that the RCLD methodology is reasonably intended to result in an ACV payment to the policyholder in an amount that allows the policyholder to return the damaged property to its *status quo ante*, thereby precluding the withholding of future labor from ACV payments. *See generally Mitchell v. State Farm Fire and Cas. Co.*, 954 F.3d 700, 706-07 (5th Cir. 2020).

5.      In Washington, California and Vermont, an insurer may depreciate the value of building materials, but may not depreciate the cost of future labor in calculating ACV. *See* WAC 284-20-010(4); Cal. Ins. Code § 2051; 10 Cal. Code of Regs. § 2695.9(f)(1); Vermont Dep't of Financial Regulation, Division of Insurance, Insurance Bulletin #184 (May 1, 2015).[1] As a result,

---

[1] *Available at:* https://dfr.vermont.gov/sites/finreg/files/regbul/dfr-bulletin-insurance-184.pdf (last visited Mar. 24, 2022).

CLASS ACTION COMPLAINT - 2

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

and as detailed below, by depreciating estimate future labor costs in the calculation of its policyholders' ACV payments in these states, State Farm has engaged and continues to engage in a systematic and unlawful pattern of underpaying insurance claims.

6.　　　This lawsuit concerns the withholding of certain future labor that Defendant, through its computerized claims estimating software, itself determined will be incurred if the policyholders contract for repairs.

7.　　　Property insurers attach different labels to justify the withholding of certain labor from ACV payments, such as "paid when incurred" or "labor depreciation." *E.g.*, *Mills v. Foremost Ins. Co.*, 511 F.3d 1300 (11th Cir. 2008) (property insurer cannot withhold labor from ACV payments because it has not been incurred); *Mitchell*, 954 F.3d at 706-07 (property insurer cannot withhold ordinary labor from ACV payments under the auspice of "depreciation").

8.　　　Regardless of the artificial label affixed by the property insurer to the practice of withholding labor from an ACV payment, the result is the same—namely, a deficient ACV payment. This lawsuit seeks to remedy the improper withholdings of future labor from Plaintiff's and class members' ACV payments.

## PARTIES, RESIDENCY, JURISDICTION AND VENUE

9.　　　Plaintiff Harry Fleming, Jr., is a citizen and resident of Pierce County, Washington. At all times relevant hereto, Plaintiff has owned a dwelling at 14801 12th Ave. E, Tacoma, Washington 98445-2690.

10.　　　Defendant State Farm is a corporation organized under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. State Farm is a citizen of Illinois.

CLASS ACTION COMPLAINT - 3

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

11.    Defendant offers property insurance in multiple states across the United States of America, including the states of Washington, California, and Vermont.

12.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings contractual and declaratory relief claims on behalf of himself and a putative class of Defendant's property insurance policyholders who are similarly situated.

13.    Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2). There are more than 100 members in the proposed class, at least one member of the proposed class has state citizenship that is different than Defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

14.    This Court has personal jurisdiction over Defendant as Defendant conducts business in Washington and specifically in this judicial district.

15.    Venue is proper in this forum pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## FACTS

### A. The Fleming Property Insurance Policy And Casualty Loss

16.    State Farm sells property insurance coverage for, *inter alia*, homes and commercial buildings in multiple states, specifically including Washington, California, and Vermont.

17.    This lawsuit only concerns property coverage for buildings and structures, and not personal contents, such as furniture and clothes.

CLASS ACTION COMPLAINT - 4

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

18.     Further, this lawsuit only concerns claims wherein State Farm, itself, accepted coverage and then State Farm, itself, chose to calculate ACV exclusively pursuant to the RCLD methodology.

19.     The property insurance forms sold by State Farm in Washington, California, and Vermont are materially identical as it relates to the contractual dispute set forth herein.

20.     The laws in Washington, California, and Vermont are materially identical as it relates to the contractual dispute set forth herein, or at the least, any differences would be manageable in the class context. These states are RCLD states for purposes of determining ACV under property insurance policies, and they preclude the depreciation of labor by court decision, statute, or state administrative agency in situations where the property insurer, itself, chooses to calculate ACV exclusively pursuant to the RCLD methodology.

21.     Specifically, Washington and California have enacted nearly identical regulations prohibiting an insurer from depreciating labor in the calculation of ACV.  *See* WAC 284-20-010(4) ("Except for the intrinsic labor costs that are included in the cost of manufactured materials or goods, the expense of labor necessary to repair, rebuild or replace covered property is not a component of physical depreciation and shall not be subject to depreciation or betterment."); 10 Cal. Code of Regs. § 2695.9(f)(1) (".... Except for the intrinsic labor costs that are included in the cost of manufactured materials or goods, the expense of labor necessary to repair, rebuild or replace covered property is not a component of physical depreciation and shall not be subject to depreciation or betterment."); *see also* Cal. Ins. Code § 2051 ("... the measure of the actual cash value ... shall be the amount it would cost the insured to repair, rebuild, or replace the thing lost or injured less a fair and reasonable deduction for physical depreciation ....

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

1  A deduction for physical depreciation shall apply only to components of a structure that are

2  normally subject to repair and replacement during the useful life of that structure.").

3      22.      Similarly, on May 1, 2015, the Vermont Department of Financial Regulation,

4  Division of Insurance, issued Insurance Bulletin No. 184, entitled "PROPERTY LOSS

5  CLAIMS: NO LABOR DEPRECIATION," which provides in relevant part:

6

7          This Bulletin relates to the depreciation of labor expenses when adjusting
           property loss claims. Depreciation is the decline in a property's value because of
8          use, wear, obsolescence, or age. Labor, unlike physical materials, does not break
           down or lose value over time.

9
           It is the Department's position that depreciation of labor costs is prohibited by 8
10         V.S.A. § 4724(9)(F) and therefore is an unfair claims settlement practice in
           violation of 8 V.S.A. § 4723 (the Vermont Insurance Trade Practices Act) when
11         committed or performed with such frequency as to indicate a business practice.
12         While the value of the property as a whole may be considered in order to put a
           claimant in the same position as the claimant was before the loss occurred, labor
13         of any kind related to the repair, rebuilding or replacement of covered property
           should not be subject to depreciation.
14
15  *Id.*; *see also, supra,* note 1.

16      23.      Plaintiff contracted with State Farm for an insurance policy providing coverage

17  for certain losses to real property located at 14801 12th Ave. E, Tacoma, Washington 98445-2690

18  (the "Insured Property"). The policy number was 47C4P5819 (the "Policy").

19      24.      Plaintiff paid State Farm premiums in exchange for insurance coverage. The

20  required premiums were paid at all times relevant to this Complaint.

21
22      25.      On or about October 26, 2021, the Insured Property suffered damage covered by

23  the Policy due to a fire. The damage to the Insured Property required replacement and/or repair.

24      26.      Plaintiff timely submitted a claim to State Farm requesting payment for the

25  covered loss.

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

27.    State Farm determined the loss to the Insured Property was covered by the terms of the Policy.

28.    State Farm calculates its ACV payment obligations to its policyholders for structural damage loss by first estimating the cost to repair or replace the damage with new materials (*i.e.,* RCV), and then State Farm subtracts the estimated depreciation.

29.    The Policy does not permit the withholding of future labor as depreciation as described below.

**B. Defendant's Calculation Of Plaintiff's ACV Payment**

30.    In adjusting Plaintiff's claim, State Farm affirmatively and unilaterally chose to use a RCLD methodology to calculate Plaintiff's loss and to make its ACV payment. State Farm did not use any other methodology to calculate Plaintiff's ACV payment.

31.    State Farm did not calculate any portion of Plaintiff's loss by reference to or analysis of any alleged increase or decrease in the market value of his home, or the market value of any portion of his property. State Farm did not conduct an appraisal of Plaintiff's home, or any portion of his property.

32.    Plaintiff agrees that the methodology chosen by State Farm to calculate ACV, "replacement cost less depreciation," is the appropriate methodology to use.

33.    State Farm has waived, and is estopped from asserting, any right to contend that ACV should have been calculated under any methodology other than the RCLD methodology.

34.    After Plaintiff's loss was reported, State Farm sent an adjuster to inspect the damage and estimate ACV. State Farm used commercially-available computer software called

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

1 | Xactimate® from Xactware Solutions, Inc. to estimate RCV, depreciation, and ACV, and to
2 | make RCLD calculations.

35.    State Farm calculated the RCV of Plaintiff's damaged property through Xactimate® price lists as reflected on the written estimate State Farm provided to Plaintiff, dated March 22, 2022. The computer-generated estimate State Farm provided to Plaintiff is attached hereto as **Exhibit A.**

36.    State Farm then used the same Xactimate® price lists to calculate the depreciation for Plaintiff's damaged property.

37.    As set forth in the written Xactimate® estimate provided to Plaintiff by State Farm, State Farm's adjuster determined that Plaintiff had suffered a covered loss in the amount of $55,163.25 (the RCV) to its property. The estimate included the cost of materials and the future labor required to complete the repairs.

38.    In calculating its ACV payment obligations to Plaintiff, State Farm subtracted from the RCV estimate the $1,000 deductible provided for in the Policy plus additional amounts ($3,480.29) for depreciation. This resulted in a net ACV payment of $50,682.96.

39.    Plaintiff does not dispute State Farm's valuations of the amount of labor and materials necessary for the repair of the property to its pre-loss condition. Plaintiff does not dispute any of State Farm's valuations as to the depreciated values of the tangible property at the time of the loss.

40.    Plaintiff only disputes whether portions of the agreed-to and undisputed amounts of future labor, as determined by State Far, itself, may be withheld by State Farm as "depreciation" from the ACV payment under the terms and conditions of the Policy.

CLASS ACTION COMPLAINT - 8

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

41.     Plaintiff was underpaid and deprived of the use of his money from the time he should have received it until the date he recovers the wrongfully amounts, as more fully described below.

### C. Defendant's Practice Of Withholding Future Labor As Depreciation

42.     When it calculated Plaintiff's ACV benefits owed under the Policy, State Farm withheld costs for both the materials and future labor required to repair or replace the Plaintiff's home as depreciation, even though future labor does not depreciate in value over time. State Farm withheld future labor costs throughout its ACV calculations as depreciation.

43.     Like all property insurance claims estimating software, the specific commercial claims estimating software used by State Farm allows for the depreciation of materials only or the depreciation of both material and future labor in its depreciation option setting preferences.

44.     In this pleading, whenever reference is made to withholding "labor" as depreciation, "labor" means intangible non-materials, specifically including both the labor costs and the laborers' equipment costs and contractors/laborers' overhead and profit necessary to restore property to its condition *status quo ante*, as well as future removal costs to remove damaged property, under commercial claims estimating software.

45.     More specifically, for Plaintiff and the putative class members, State Farm previously used, and continues to use through the present date, Xactimate® software to calculate ACV payments. Xactimate® is used by both insurers and contractors to calculate the cost of rebuilding or repairing damaged property and is also used to calculate depreciation to determine ACV payments under the RCLD methodology.

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

46.    "Today 22 of the top 25 property insurance companies in the U.S. and 10 of the top 10 Canadian insurers use Xactware property insurance claims tools." *See* https://www.xactware.com/en-us/company/about/# (last visited March 24, 2022).

47.    Xactimate® software exclusively uses the RCLD methodology to calculate the "actual cash value" or "ACV" of property damage to buildings or structures. Xactimate® does not use any other methodology to calculate ACV, such as, *e.g.*, the calculation of ACV through a fair market value as determined by a real estate appraisal.

48.    Because Xactimate® does not use any methodology to calculate ACV other than RCLD, a property insurer only makes an ACV payment through Xactimate® after the property insurer itself has affirmatively determined and agreed to use the RCLD methodology.

49.    In simplest terms, Xactimate® calculates ACV under the RCLD methodology for structural damage claims (*e.g.*, buildings, homes) as follows. First, Xactimate® prompts an insurance adjuster to input claim-related data relating to the specific damaged property through various drop-down menus, check boxes and other prompts. For example, for a roofing loss, the inputted data could include, among other determinations, the size of the roof surface areas, the pitches and heights of the roof's surfaces, the age of the shingles, the condition of the shingles, the type of roofing underlayment, etc.

50.    Once the property adjuster enters the claim-related data, Xactimate® calculates the estimated amounts of replacement cost, the depreciation, the actual cash value and net actual cash value (ACV minus the deductible) for the loss. To do so, Xactimate® uses price lists specific to the date of loss and to the loss location.

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

51.    Xactimate® also provides the property insurance company with differing options on how to define "depreciation," and more specifically, whether "depreciation" should include labor.

52.    Withholding depreciation for existing, tangible property (building materials) is undertaken by Xactimate® through the "Depreciate Material" function of the software.

53.    The "depreciation of labor" concept at issue in this case is reflected in the depreciation setting functions of the Xactimate® software known as "Non-Material Depreciation," "Removal Depreciation," and "Overhead and Profit Depreciation."

54.    The "Depreciate Non–Material," "Depreciate Removal" and the "Depreciate Overhead and Profit" depreciation setting functions in Xactimate® apply the claims adjuster's same depreciation determinations for the existing, tangible building products, but when utilized Xactimate® applies the property adjuster's determinations to certain labor for future, potential repairs. Application of these functions result in the withholding of a portion of the estimated future repair, removal and/or installation labor from the policyholder's ACV calculation.

55.    Withholding estimated future labor costs (removal labor and/or installation labor) from an ACV payment is wholly independent of calculating the amount of physical depreciation of tangible structural items in the Xactimate® software. In other words, a company can choose to withhold labor or not withhold labor as depreciation in Xactimate® without changing any of the claims adjuster's on-site determinations.

56.    Xactimate® can be manipulated to withhold labor from ACV payments by simply checking or unchecking certain boxes concerning depreciation. For example, the below screenshot from the Xactimate® program allows the software used to select or de-select

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

1 "Depreciate Non-Material," "Depreciate Removal" or "Depreciate Overhead and Profit," all of
2 which are labor items, and all of which will result in the withholding of labor from an ACV
3 payment.

```
┌─ Depreciation Options ─────────────────
│  ☑  Depreciate Material
│  ☑  Depreciate Non-Material
│  ☑  Depreciate Removal
│  ☑  Depreciate Overhead and Profit
│  ☑  Depreciate Sales Tax
```

10    57.    The use of the "Depreciate Non-Material," "Depreciate Removal" and the
11 "Depreciate Overhead and Profit" depreciation setting functions in Xactimate® is not consistent
12 within the property insurance industry. Many insurance companies do not allow the use of
13 "Depreciate Non-Material," "Depreciate Removal" or the "Depreciate Overhead and Profit"
14 depreciation setting within Xactimate®.

16    58.    State Farm's withholding of future labor costs as depreciation associated with the
17 repair or replacement of Plaintiff's property resulted in Plaintiff receiving payment for his loss in
18 an amount less than he was entitled to receive under the Policy. State Farm breached its
19 obligations under the Policy by improperly withholding the cost of future labor as depreciation.

20    59.    Plaintiff himself cannot determine the precise amount of future labor that has been
21 withheld based only upon the written estimate provided.  To determine the precise amount of
22 labor withheld, it is necessary to have access to the commercial property estimating program at
23 issue (Xactimate®), as well as the electronic file associated with the estimate.

25

CLASS ACTION COMPLAINT - 12

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

60.     While a property insurer may lawfully depreciate material costs when calculating the amount of an ACV payment owed to an insured, it may not lawfully withhold future repair labor as depreciation under the policy forms at issue in Washington, California, and Vermont when using a RCLD methodology. Stated differently, the use of the "Depreciate Non-Material," "Depreciate Removal" and the "Depreciate Overhead and Profit" depreciation setting functions in Xactimate® is contrary to Washington, California, and Vermont law, which prohibit the depreciation of future labor costs in the calculation of ACV. *See, supra,* Paragraphs 5, 21-22.

61.     State Farm's failure to pay the full cost of the future labor necessary to return Plaintiff's structure to the *status quo ante* left Plaintiff under-indemnified and underpaid for his loss.

62.     Plaintiff disputes whether portions of the agreed-to and undisputed amounts of future repair labor, as determined by State Farm itself, may be withheld by State Farm as "depreciation" from State Farm's ACV payment under the terms and conditions of the Policy.

63.     State Farm materially breached its duty to indemnify Plaintiff by withholding future labor costs from ACV payment as depreciation, thereby paying less than Plaintiff was entitled to receive under the terms of the Policy, including but not limited to depriving Plaintiff of the time use of money resulting from the time periods of labor withholdings in the form of prejudgment interest.

## AMOUNT IN CONTROVERSY

64.     Upon information and belief, the amount in controversy with respect to the proposed class exceeds $5,000,000, exclusive of interest and costs.

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

# CLASS ACTION ALLEGATIONS

65.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff bring this lawsuit as a class action on behalf of himself and on behalf of others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation. Only to the extent it is a requirement under applicable law, the proposed class herein is ascertainable.

66.    The proposed class that Plaintiff seeks to represent is tentatively defined as follows:

> All State Farm policyholders (or their lawful assignees) who made: (1) a structural damage claim for property located in Washington, California, and Vermont; and (2) for which State Farm accepted coverage and then chose to calculate actual cash value exclusively pursuant to the replacement cost less depreciation methodology and not any other methodology, such as fair market value; and (3) which resulted in an actual cash value payment during the class period from which non-material depreciation was withheld from the policyholder; or which should have resulted in an actual cash value payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible, for the maximum limitations period as may be allowed by law.

> In this definition, "non-material depreciation" means application of the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" depreciation option settings within Xactimate® software or similar depreciation option settings in other competing commercial software claims estimating programs to the extent any others were used.

> The class excludes any claims for which the applicable limits of insurance was exhausted by the initial actual cash value payment.

67.    Plaintiff reserves the right to amend the definition of the proposed class through discovery. The following persons are expressly excluded from the class: (1) Defendant and its

CLASS ACTION COMPLAINT - 14

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

1  subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the

2  proposed Class; and (3) the Court to which this case is assigned and its staff.

3       68.    Plaintiff and members of the putative class as defined all have Article III standing

4
5  as all such persons and entities, at least initially, received lower claim payments than permitted

6  under the policy. Certain amounts initially withheld as labor may be later repaid to some

7  policyholders with replacement cost provisions in their policies, if any. However, policyholders

8  who have been subsequently repaid for initially withheld labor still have incurred damages, at the

9  least, in the form of the lost "time value" of money during the period of withholding, *i.e.*,

10  statutory or common law prejudgment interest on the amounts improperly withheld, for the time

11  period of withholding.

12
       69.    The members of the proposed class are so numerous that joinder of all members is
13
   impracticable. Plaintiff reasonably believes that hundreds or thousands of people geographically
14
15  dispersed across Washington, California, and Vermont have been damaged by Defendant's

16  actions. The names and addresses of the members of the proposed class are readily identifiable

17  through records maintained by Defendant or from information readily available to Defendant.

18       70.    The relatively small amounts of damage suffered by most members of the
19
   proposed class make filing separate lawsuits by individual members economically impracticable.
20
       71.    Defendant has acted on grounds generally applicable to the proposed class in that
21
22  Defendant has routinely withheld labor costs as described herein in its adjustment of property

23  damage claims under its policies of insurance. It is reasonable to expect that Defendant will

24  continue to withhold labor to reduce the amount it pays to its insureds under its policies absent

25  this lawsuit.

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

72.     Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

    a.  Whether Defendant's withholding of labor costs in the calculation of ACV payments under the replacement cost less depreciation methodology complies with applicable law;

    b.  Whether Defendant's policies incorporates the laws, regulations and agency directives precluding the withholding of labor, and if so, whether Defendant's withholding of future labor costs in the calculation of ACV payments breaches the Defendant's insurance policy forms;

    c.  Whether Defendant has a custom and practice of withholding future labor costs in the calculation of ACV payments;

    d.  Whether Plaintiff and members of the proposed class have been damaged as a result of Defendant's withholding of future labor costs in the calculation of ACV payments owed; and

    e.  Whether Plaintiff and members of the proposed class are entitled to a declaration, as well as potential supplemental relief, under the Declaratory Judgment Act.

73.     Plaintiff's claims are typical of the claims of the proposed class members, as they are all similarly affected by Defendant's customs and practices concerning the withholding of labor. Further, Plaintiff's claims are typical of the claims of the proposed class members because Plaintiff's claims arose from the same practices and course of conduct that give rise to the claims

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

1 of the members of the proposed class and are based on the same factual and legal theories.

2 Plaintiff is not different in any material respect from any other member of the proposed class.

3     74.    Plaintiff and his counsel will fairly and adequately protect the interests of the

4 members of the proposed class. Plaintiff's interests do not conflict with the interests of the

5 proposed class he seeks to represent. Plaintiff has retained lawyers who are competent and

6 experienced in class action and insurance litigation. Plaintiff and Plaintiff's counsel have the

7 necessary financial resources to adequately and vigorously litigate this class action. Plaintiff and

8 counsel are aware of their fiduciary responsibilities to the members of the proposed class and

9 will diligently discharge those duties by vigorously seeking the maximum possible recovery for

10 the proposed class while recognizing the risks associated with litigation. Plaintiff reserves the

11 right to have unnamed class members join Plaintiff in seeking to be a class representative.

12     75.    A class action is superior to all other available methods for the fair and efficient

13 adjudication of this controversy. Joining all proposed members of the proposed class in one

14 action is impracticable and prosecuting individual actions is not feasible. The size of the

15 individual claims is likely not large enough to justify filing a separate action for each claim. For

16 many, if not most, members of the proposed class, a class action is the only procedural

17 mechanism that will afford them an opportunity for legal redress and justice. Even if members of

18 the proposed class had the resources to pursue individual litigation, that method would be unduly

19 burdensome to the courts in which such cases would proceed. Individual litigation exacerbates

20 the delay and increases the expense for all parties, as well as the court system. Individual

21 litigation could result in inconsistent adjudications of common issues of law and fact.

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

76.     In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of Plaintiff and members of the proposed class. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

77.     Questions of law or fact common to Plaintiff and members of the proposed class, including those identified above, predominate over questions affecting only individual members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individuals would require. Further, the monetary amount due to many individual members of the proposed class is likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the proposed class to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them, and by deterring further unlawful conduct. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

78.     Class certification is further warranted because Defendant has acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

79.     Plaintiff may seek, in the alternative, certification of issues classes.

CLASS ACTION COMPLAINT - 18

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

80.     Rule 23(c)(4) provides that an action may be brought or maintained as a class action with respect to particular issues when doing so would materially advance the litigation as a whole.

## COUNT I – BREACH OF CONTRACT

81.     Plaintiff restates and incorporates by reference all preceding allegations.

82.     Defendant entered into policies of insurance with Plaintiff and members of the proposed class. These insurance policies govern the relationship between Defendant and Plaintiff, and members of the proposed class, as well as the manner in which claims for covered losses are handled.

83.     These policies of insurance are binding contracts under Washington, California, and Vermont law, and supported by valid consideration in the form of premium payments in exchange for insurance coverage.

84.     Defendant drafted the insurance policies at issue, which are essentially identical in all respects material to this litigation concerning the withholding of labor as depreciation from ACV payments for structural loss when Defendant calculates ACV under a RCLD methodology.

85.     The Defendant's policies incorporate by reference the statutes, regulations and agency directives that preclude the withholding if labor from ACV payments.

86.     In order to receive or be eligible to receive ACV claim payments in the first instance, Plaintiff and the putative class members complied with all material provisions and performed all of their respective duties with regard to their insurance policy.

Robert D. Bohm
**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

87.     Defendant breached its respective contractual duties to pay Plaintiff and members of the proposed class the ACV of their claims by unlawfully withholding labor costs as described herein.

88.     Additionally, Defendant's actions in breaching its contractual obligations to Plaintiff and members of the proposed class benefitted and continues to benefit Defendant. Likewise, Defendant's actions damaged and continue to damage Plaintiff and members of the proposed class.

89.     Defendant's actions in breaching its contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiff and members of the proposed class.

90.     In light of the foregoing, Plaintiff and members of the proposed class are entitled to recover damages sufficient to make them whole for all amounts unlawfully withheld from their ACV payments, including prejudgment interest as may be allowed by law.

## COUNT II – DECLARATORY JUDGMENT AND RELIEF

91.     Plaintiff restates and incorporates by reference all preceding allegations.

92.     This Court is empowered by the Declaratory Judgment Act as codified at 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to declare the rights and legal relations of parties regardless of whether further relief is or could be claimed.

93.     A party may seek to have insurance contracts, before or after a breach, construed to obtain a declaration of rights, status, and other legal relations thereunder adjudicated.

94.     Plaintiff and members of the proposed class have all complied with all relevant conditions precedent in their contracts.

CLASS ACTION COMPLAINT - 20

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

95.    Plaintiff seeks, individually and on behalf of the proposed class, a declaration that Defendant's property insurance contracts prohibit the withholding of future labor costs as described herein when adjusting losses under the RCLD methodology employed herein.

96.    To the extent Defendant contends its policies allow the withholding of labor notwithstanding the statutes, regulations and agency directives that preclude the same, Plaintiff seeks a declaration that any such alleged policy language is void as against public policy.

97.    Plaintiff further seeks, individually and on behalf of the proposed class, any and all other relief available under the law arising out of a favorable declaration.

98.    Plaintiff and members of the proposed class have and will continue to suffer injuries.

## JURY DEMAND

99.    Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

1.    Enter an order certifying this action as a class action, appointing Plaintiff as the representative of the class, and appointing Plaintiff's attorneys as counsel for the class;

2.    Enter a declaratory judgment, declaring that Defendant's withholding of labor costs as depreciation is contrary to applicable law and breaches the insurance policy issued to Plaintiff and members of the class;

3.    Enter a declaration, and any preliminary and permanent injunction and equitable relief against Defendant and its officers, agents, successors, employees, representatives, and any

CLASS ACTION COMPLAINT - 21

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

1  and all persons acting in concert with it, from engaging in each of the policies, practices,

2  customs, and usages complained of herein, as may be allowed by law;

3       4.    Enter an order that Defendant specifically perform and carry out policies,

4  practices, and programs that remediate and eradicate the effects of their past and present

5  practices complained of herein;

6
7       5.    Award compensatory damages for all sums withheld as labor costs under the

8  policy, plus prejudgment interest on all such sums, to Plaintiff and members of the proposed

9  class;

10      6.    Award compensatory damages to Plaintiff for all amounts to which it is entitled;

11      7.    Award costs, expenses, and disbursements incurred herein by Plaintiff and

12  members of the proposed class as may be allowed by law, including but not limited to amounts

13  available under the common fund doctrine;

14
15      8.    Pre- and Post-Judgment interest; and

16      9.    Grant such further and additional relief as the Court deems necessary and proper.

17      **DATED** this _29th_ day of March, 2022.

18

19      Robert D. Bohm, WSBA #42703
        ROBERT D. BOHM, PLLC
20      P.O. Box 25536
        Federal Way, WA 98093
21      Tel: (608) 463-6767
        rdbohm@premisesinjurylaw.com
22

23      J. Brandon McWherter (TN Bar #21600)*
        MCWHERTER SCOTT BOBBITT PLC
24      341 Cool Springs Blvd., Suite 230
        Franklin, TN 37067
25      Tel: (615) 354-1144

CLASS ACTION COMPLAINT - 22

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com

1

brandon@msb.law

2

Erik D. Peterson (KY Bar #93003)*
ERIK PETERSON LAW OFFICES, PSC

3

249 E. Main Street, Suite 150
Lexington, KY 40507

4

Tel: (800) 614-1957
erik@eplo.law

5

6

T. Joseph Snodgrass (MN Bar #213071)*
SNODGRASS LAW LLC

7

100 S. Fifth Street, Suite 800
Minneapolis, MN 55402

8

Tel: (612) 448-2600
jsnodgrass@snodgrass-law.com

9

10

Attorneys for Plaintiff

11

* to be admitted *pro hac vice*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CLASS ACTION COMPLAINT - 23

Robert D. Bohm
ROBERT D. BOHM, PLLC
PO Box 25536
Federal Way, WA 98093
206-463-6767
rdbohm@premisesinjurylaw.com